UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DARRYL JORGENSON REALTY, LLC, | Case No. 14-CV-4793 (JRT/LIB) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| HOWARD O. KIEFFER, | |
| Movant/Petitioner. | |

Petitioner Howard O. Kieffer has attempted to remove proceedings subsequent to initial registration of land brought in state court by plaintiff Darryl Jorgenson Realty, LLC. Kieffer also applied to proceed *in forma pauperis* ("IFP") in this case. *See* ECF No. 2. This matter is now before the Court on Kieffer's IFP application. Because it is clear that Kieffer did not timely file the notice of removal, it is recommended that this action be remanded to Minnesota state court and that Kieffer's IFP application be denied as moot.

Kieffer seeks removal under 28 U.S.C. § 1441(a), which permits a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." It is far from clear that this Court has original jurisdiction over proceedings to register land, even if (as Kieffer alleges) complete diversity of citizenship exists between the parties. Even leaving that aside, however, Kieffer's attempt to remove the proceedings was untimely.

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such

initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).  Although this time limit is not jurisdictional, it is mandatory and must be strictly construed.  *See Citimortgage, Inc. v. Kraetzner*, No. 12-CV-1524 (JRT/TNL), 2012 WL 6771109, at *1 (D. Minn. Sept. 10, 2012).

It is unclear what on what date Kieffer received a copy of the initial pleading in the state-court action, which was initiated on May 22, 2014.  *See* ECF No. 1-1 at 1.  That said, Kieffer responded to that pleading on August 30, 2014, which strongly implies that he must have received the pleading prior to that date.  *Id*. at 29-34.  Yet Kieffer did not file his notice of removal until November 20, 2014    well after the 30-day deadline set by § 1446(b)(1) had expired.  This was plainly too late, and Kieffer therefore cannot remove this action under § 1441.  Accordingly, it is recommended that this matter be remanded to Minnesota state court and that Kieffer's application to proceed IFP be denied as moot.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be REMANDED to Minnesota state court.

2. Petitioner Howard O. Kieffer's application to proceed *in forma pauperis* [ECF No. 2] be DENIED AS MOOT.

Dated: November 21, 2014                     s/Leo I. Brisbois
                                             Leo I. Brisbois
                                             United States Magistrate Judge

**NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 5, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.