UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DARRYL JORGENSON REALTY, LLC, | Civil No. 14-4793 (JRT/LIB) |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER REJECTING THE RECOMMENDATION OF THE MAGISTRATE JUDGE AND GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| HOWARD O. KIEFFER, | |
| Defendant. | |

Richard K. Hocking, **RICHARD K. HOCKING, PA**, 10657 165th Street West, Lakeville, MN 55044, for plaintiff.

Howard O. Kieffer, No. 90513-012, Federal Correctional Institution Englewood, 9595 West Quincy Avenue, Littleton, CO 80123, *pro se*.

Plaintiff Darryl Jorgenson Realty, LLC ("Darryl Jorgenson Realty") filed this action in Minnesota state court to cancel a certificate of title and determine all rights terminated under a contract for deed. Defendant Howard Kieffer removed the action to federal court and applied for permission to proceed in forma pauperis ("IFP"). United States Magistrate Judge Leo I. Brisbois recommended denying Kieffer's application to proceed IFP as moot and remanding the action to Minnesota state court due to an untimely attempt to remove. This matter is now before the Court on Kieffer's objections to the Magistrate Judge's Report and Recommendation ("R&R"). The Court will sustain Kieffer's objections, because it finds that Darryl Jorgenson Realty's Minnesota state court petition did not put Kieffer on notice that the amount in controversy might be

sufficient to confer diversity jurisdiction. Therefore, the Court will reject the R&R and grant Kieffer's IFP application.

## BACKGROUND

On May 22, 2014, Darryl Jorgenson Realty filed a Petition for an Order Showing Cancellation of a Contract for Deed ("petition") in the Minnesota state district court of St. Louis County. (Notice of Removal, Ex. 1 (Compl. & State Ct. Docs. ("Compl.")), Nov. 20, 2014, Docket No. 1.) The petition refers to "land described as Unit 20, CIC Number 86, Tundra Storage Condominiums of Hermantown." (*Id.* at 1.) Darryl Jorgenson Realty alleges that the "Contract for Deed Doc. No. 868908 has been cancelled pursuant to law and that any interest of the vendee(s) [Kieffer and his former wife] in said Contract and any parties who claim through said Contract were thereby terminated." (*Id.* at 2.) The petition requests "an Order of the Court directing the Registrar of Titles to cancel Certificate of Title No. 330440, to determine that all rights under Contract for Deed Doc. No. 868908 have terminated, and to enter a new Certificate of Title for the Property omitting therefrom and from future Certificates of Title issued for the Property . . . ." (*Id.*) It does not specify an amount or value in controversy.

Although Kieffer is not named in Darryl Jorgenson Realty's petition, an Order to Show Cause was issued for Kieffer on June 13, 2014, in connection with the petition. (Objections to R&R at 3, Dec. 4, 2014, Docket No. 4.) Kieffer filed an answer to the petition as a "Real Party in Interest" on August 30, 2014. (Compl. at 29-34.) He maintains, however, that it was not until he "was served with discovery requests in the

state court matter, on November 7, 2014, that he was able to infer that the petition was seeking to dispossess him of all rights, title and interest in the subject property and its contents, valued in excess of $75,000." (Objections to R&R at 4.) Kieffer then filed a Notice of Removal on November 20, 2014, removing the petition to federal court. (Notice of Removal.) On the same day, he filed an application to proceed IFP. (Appl. to Proceed in District Ct. Without Prepaying Fees or Costs ("IFP Appl."), Nov. 20, 2014, Docket No. 2.)

On November 21, 2014, Magistrate Judge Brisbois issued an R&R denying as moot Kieffer's IFP application and recommending remand to state court. (R&R, Nov. 21, 2014, Docket No. 3.) The R&R explained that "[i]t is far from clear that this Court has original jurisdiction over proceedings to register land" and concluded that, in any event, "Kieffer's attempt to remove the proceedings was untimely." (*Id.* at 1.) The Magistrate Judge found that Kieffer was aware of the petition by August 30, 2014 – the date on which he filed his answer – at the latest, and likely received the pleading even before that date. (*Id.* at 2.) Accordingly, the Magistrate Judge found that Kieffer's November 20 Notice of Removal fell well outside the 30-day window for removal of proceedings under 28 U.S.C. § 1446(b)(1). Kieffer timely objected to the R&R on December 4, 2014. (Objections to R&R.) This matter is now before the Court on Kieffer's objections.

# DISCUSSION

## I. STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).

## II. NOTICE OF REMOVAL

### A. Timeliness

Kieffer objects to the Magistrate Judge's determination that his removal was untimely. He argues that neither Darryl Jorgenson Realty's filing of the petition in state court on May 22 nor Kieffer's answer to the petition on August 30 triggered the thirty-day clock for removing a state court proceeding.

The statute governing removal of civil actions requires:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . . (3) . . . [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper

>from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).  The Court finds that this case falls under the latter provision, because the original petition filed in state court did not indicate that the action would potentially be removable to federal court.  *See Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 974 (8th Cir. 2011) (finding that because the plaintiff's "complaint did not explicitly state the amount in controversy," defendants were not required to "glean" the amount from the complaint and it "did not trigger the running of § 1446(b)'s thirty-day deadline"); *Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 774-75 (8th Cir. 2014) (explaining that defendant "was not obligated to remove to federal court within the thirty-day period" following the complaint where plaintiff sought only equitable relief).  No amount in controversy was specified in the complaint in this case.  Darryl Jorgenson Realty seeks only equitable relief – to cancel Certificate of Title No. 330440, have all rights under Contract for Deed Doc. No. 868908 declared terminated, and have a new Certificate of Title issued – and the petition filed in state court does not indicate the value of the property at issue.  (Compl. at 2.)

Although the original petition did not indicate that the action was subject to removal, Kieffer maintains that he became aware that the case was removable on November 7, 2014, when he was served with discovery requests in the state court action. Those discovery requests are not part of the record in this federal action, but Darryl Jorgenson Realty does not identify another document served prior to November 7 from which Kieffer could ascertain that the case was removable.  *See Knudson*, 634 F.3d at

974-75. Because the amount in controversy is not apparent from the petition and Darryl Jorgenson Realty points to no other document triggering the thirty-day clock, the Court will give Kieffer – a pro se, incarcerated defendant – the benefit of the doubt and conclude that November 7, 2014 was the first date on which Kieffer was on notice that this action potentially met the amount in controversy requirement for federal diversity jurisdiction. 28 U.S.C. § 1332(a).

### B.   Amount in Controversy

The burden is on the removing party to show, by a preponderance of the evidence, that the jurisdictional minimum is met. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). The parties do not appear to dispute that diversity of citizenship exists in this case,[1] but Darryl Jorgenson Realty disputes whether the amount in controversy requirement is actually met here. They assert that this matter is simply about the title to a single piece of real property for which "[p]ublic records of recent sale and tax assessed values indicate . . . a proposed 2015 assessed market value of $27,800." (Pl.'s Resp. to Pet'r's Objections to R&R ("Pl.'s Resp. to Objections") at 3, Dec. 18, 2014, Docket No. 5.) That assessed market value puts the amount in controversy well under the $75,000 threshold requirement for federal jurisdiction. 28 U.S.C. § 1332(a); *see Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1018-19 (8th Cir. 2010) (instructing that in actions involving real property titles, "in deciding the jurisdictional question, a district

---

[1] Darryl Jorgenson Realty notes in their response to Kieffer's objections that Kieffer has not provided evidence to support his allegations as to citizenship, but they do not refute Kieffer's allegations.

court must determine what the property interest at issue is worth in the marketplace, which is a matter of objective fact" and captures the value of the requested relief to the plaintiff).

Kieffer, on the other hand, argues that his interest in the property and the contents thereof are valued above $75,000. One type of relief Darryl Jorgenson Realty seeks in its state court petition is "to determine that all rights under Contract for Deed Doc. No. 868908 have terminated." (Compl. at 2.) The Court recognizes that Contract for Deed Document Number 868908 is the subject of another federal action between these parties. (*See Kieffer v. Tundra Storage LLC et al.*, Case No. 14-3192 (ADM/LIB), Compl. at 3, Aug. 18, 2014, Docket No. 1.) In that action, Kieffer is asserting his right to the property at issue in this action, through Contract for Deed Document Number 868908, and valuing the contents of the property at more than $250,000. (*Id.* at 4.) Kieffer's understanding, based on the discovery requests in this case prior to removal, is that the same "subject property and its contents, valued in excess of $75,000," in the other federal action is also at issue in this case. (Objections to R&R at 4.)

In light of this discrepancy over the property's full value and Kieffer's allegations in the related action, the Court is satisfied by a preponderance of the evidence, at this time, that the amount in controversy as to this property exceeds $75,000. Although Darryl Jorgenson Realty claims that the value of the property is less than the jurisdictional minimum, a plaintiff "may not defeat removal simply by seeking less than the requisite amount in controversy when the court is informed that the value of the interest to be protected exceeds that amount." *Hollenbeck v. Outboard Marine Corp.*,

201 F. Supp. 2d 990, 993 (E.D. Mo. 2001). Based on the information currently available to the Court, the Court concludes that Kieffer has shown by a preponderance of the evidence that he has an alleged interest to be protected, the value of which exceeds the jurisdictional minimum.[2] Therefore, the Court will sustain Kieffer's objection as to the timeliness of removal and will not remand this action to state court at this time.

## III.   APPLICATION TO PROCEED IFP

Kieffer's application to proceed IFP identifies that he is currently incarcerated at the Federal Prison Camp in Littleton, Colorado. (IFP Appl. at 1.) He lists his gross and take-home pay and wages as "N/A," with no income from any sources over the past twelve months. (*Id.*) He indicates that he currently possesses $1,050.00 in cash or bank account assets but has financial obligations exceeding $200,000 in criminal restitution. (*Id.* at 2.)

The Magistrate Judge recommended that the Court deny as moot Kieffer's application to proceed IFP. Because the Court concludes that Kieffer's notice of removal

---

[2] Kieffer also objects to the R&R's characterization that "[i]t is far from clear that this Court has original jurisdiction over proceedings to register land." (Objections to R&R at 1-2; R&R at 1.) The Court observes, as a preliminary matter, that the Magistrate Judge did not ultimately decide that issue. Further, irrespective of whether Darryl Jorgenson Realty's petition constitutes a Torrens proceeding under Minnesota Statute § 508.10, the action is removable to federal court because the Court concludes that the diversity jurisdiction requirements are met here. *Anderson v. CitiMortgage, Inc.*, No. 12-230, 2012 WL 5331291, at *5 (D. Minn. Apr. 25, 2012) (rejecting the argument that Minnesota Statute § 508.10 limits federal jurisdiction and finding that the Court had jurisdiction "under 28 U.S.C. § 1332 because the requirements for diversity jurisdiction are met"; also noting that "a state statute cannot divest the federal district court of a portion of its diversity jurisdiction." (citing *Mullen v. Academy Life Ins. Co.*, 705 F.2d 971, 975 (8th Cir. 1983))). Therefore, the Court will not refrain from exercising jurisdiction over this action.

- 9 -

was timely, the Court will now consider the merits of the application. Having reviewed Kieffer's financial information, the Court concludes that Kieffer is unable to pay fees associated with defending this action. 28 U.S.C. § 1915. Therefore, the Court will grant Kieffer's application to proceed IFP.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **SUSTAINS** Defendant's objections [Docket No. 4] and **REJECTS** the Report and Recommendation of the Magistrate Judge [Docket No. 3]. **IT IS HEREBY ORDERED** that Defendant's motion for leave to proceed in forma pauperis [Docket No. 2] is **GRANTED**.

DATED: May 18, 2015                                  ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                                 JOHN R. TUNHEIM
                                                        United States District Judge